# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                 **609-858-9360**
**United States Bankruptcy Judge**                                                    **609-989-2259 Fax**

December 6, 2016

Kirsten B. Ennis, Esq.
Kirsten B. Ennis LLC
92 East Main St., Suite 407
Somerville, NJ 08876
*Attorney for Debtor Katherine F. Lee*

Elizabeth K. Holdren, Esq.
Hill Wallack LLP
21 Roszel Road
Princeton, NJ 08543
*Attorney for Waterfall Victoria Grantor Trust II, Series G; Statebridge Company LLC*

**Re:**    <u>**In re Katherin F. Lee**</u>
**Case No.: 15-30778**

Counsel:

　　This matter comes before the Court on the Chapter 13 petition filed by the Debtor, Katherine F. Lee, in contemplation of approval of the Debtor's First Modified Chapter 13 Plan (the "Plan").  The Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157(a) and 1334; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  A secured creditor of the Debtor, Waterfall Victoria Grantor Trust II, Series G, through its servicer, Statebridge Company, LLC, assignee of Investors Bank ("Waterfall"), filed an Objection to Confirmation.  Specifically, Waterfall argues that Debtor's Plan should not be confirmed because it attempts to modify Waterfall's first mortgage lien on the Debtor's principal residence in

violation of "anti-modification" provision of 11 U.S.C. § 1322(b)(2).[1]  The Court has reviewed the pleadings, entertained oral argument on November 17, 2016, and reviewed the requested supplemental documentation.   The following constitutes the Court's findings of fact and conclusions of law as mandated by Fed. R. Bankr. P. 7052.[2]  For the reasons set forth below, the Court determines that modification of Waterfall's claim is not in violation of 11 U.S.C. § 1322(b)(2).  However, because the issue of valuation has not been resolved, as discussed below, the Court will continue the confirmation hearing to allow the parties to contest valuation of the residence.

## I.   **Background**

In 2007, Debtor obtained a refinance of a property located at 51 Main Street, in Bloomsbury, New Jersey (the "Property") from Waterfall's predecessor-in-interest.  At the time Debtor closed on the Property, she resided elsewhere and intended to treat the Property as an investment property.  On November 4, 2015 (the "Petition Date"), Debtor sought protection under Chapter 13 of the Bankruptcy Code.  At the time of filing, Debtor's finances dictated that she reside in the Property as reflected both in her bankruptcy petition and schedules.  Waterfall is the holder of the Note and Mortgage on the Property, which now serves as the Debtor's principal residence.  As of the Petition Date, the total amount due to Waterfall was $224,969.52, with arrears in the amount of $119.754.42.

---

[1] Section 1322(b)(2) of the Bankruptcy Code permits a debtor in a Chapter 13 case to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such.  Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

As part of her Plan, Debtor sought to modify Waterfall's first mortgage lien, and "cram-down" Waterfall's claim to the value of the property, which Debtor asserts is $125,000.[3]  Waterfall objects to confirmation of the Plan and argues that—irrespective of valuation—Debtor's proposed cram-down of Waterfall's first mortgage lien violates the anti-modification provision of § 1322 of the Bankruptcy Code.

## II.    Discussion

Ordinarily, a claim that is secured by a lien on property is treated as a secured claim "only to the extent of the value of the property on which the lien is fixed." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 239, 109 S. Ct. 1026, 103 L.Ed.2d 290 (1989).  To the extent that the amount of the claim is greater than the value of the property, it is considered unsecured. 11 U.S.C. § 506(a)(1).  "Thus, a claim that is not fully collateralized can be modified, and the creditor said to be 'crammed down' to the value of the collateral." *In re Ferandos*, 402 F.3d 147, 151 (3d Cir. 2005).

Section 1322(b)(2) of the Bankruptcy Code protects a mortgagee from having its mortgage modified, or "crammed down," in a Chapter 13 bankruptcy proceeding.  However, this protection is limited to claims that are "secured *only* by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2) (emphasis added).  Thus, when determining whether the anti-modification provision of § 1322 applies, a court's "sole concerns are (1) whether the claim is secured *only* by real property, and (2) whether the real property is the debtor's principal residence." *In re Scarborough*, 461 F.3d 406, 411 (3d Cir. 2006) (emphasis added).  Here, Debtor submits that the anti-modification protection of § 1322(b)(2) does not apply because neither of

---

[3] The parties disagree as to the value of the Property.  However, valuation need not be resolved to decide the issue presently before the Court; namely, whether Waterfall's claim may be modified.

these conditions is met.  First, she asserts that the Property is not a principal residence for purposes of § 1322(b)(2) because she did not reside there at the time the mortgage was executed.  Second, she contends that the mortgage document contains language which grants Waterfall an interest in collateral that is not real property.

### A.  Principal Residence

In determining whether a property is a principal residence for purposes of § 1322(b)(2), the Third Circuit has directed courts to

> look to the character of the collateral *at the time of the mortgage transaction*.  When a mortgagee takes an interest in real property that includes, by its nature at the time of transaction, income-producing rental property, the mortgage is also secured by property that is not the debtor's principal residence and the claim may be modified in a debtor's later Chapter 13 proceeding.

*Scarborough*, 461 F.3d at 412 (emphasis added); *see also In re Hoffman*, No. 15-10156, 2016 WL 5791406, at *3 (D.N.J. Oct. 3, 2016) ("[W]hen determining whether more than a principal residence is on the property in issue, 'the critical moment is when the creditor takes a security interest in the collateral . . . .'") (quoting *Scarborough*, 461 F.3d at 412).  This analysis does not depend on the subjective intent of the parties, but rather on the structure of the loan and the nature of the collateral at the time of the transaction. *See Scarborough*, 461 F. 3d at 411.

In the present matter, the loan application specifically describes the Property as a "single family *investment property*." Uniform Residential Loan Application 7, ECF No. 43-1 (emphasis added).  Additionally, the address listed for the Debtor on the loan application form is different from the address of the Property.  Indeed, Debtor certifies that she did not reside in the Property until 2013, more than five years after she signed the loan documents in November of 2007.  Given these facts, there is no question that, at the time the loan was executed, Waterfall understood that the Property was not Debtor's residence, and was going to be used as an income-producing

property.[4]  Accordingly, the Court finds that Waterfall's claim is not "secured only by a security interest in real property that is the debtor's principal residence," and, as such, is subject to modification. 11 U.S.C. § 1322(b)(2).

### B.  Interest in Collateral that is Not Real Property

Having determined that the anti-modification protections of § 1322(b)(2) do not apply in this case because the real property at issue is not a principal residence for purposes of § 1322(b)(2), the Court need not address Debtor's second argument.  Nevertheless, the Court will provide a brief analysis and summarily rejects Debtor's assertion that the anti-modification protections of § 1322(b)(2) do not apply because the mortgage attaches to items beyond the real property itself. For purposes of this discussion, the Court assumes that the Property serves as the Debtor's principal residence.

Debtor's position is that the mortgage's reference to "building materials, appliances and goods of any nature," as well as the mortgage's provision for an assignment of rents takes the mortgage outside the purview of § 1322(b)(2).  In contrast, Waterfall contends that the collateral

---

[4] At oral argument, Waterfall conceded that the loan application documents list that the property was an investment property.  Nevertheless, counsel for Waterfall urged the Court to look to the Petition Date as the date from which to make the principal residence determination, and argued that the Property was, in fact, a principal residence because the Debtor was living there at the time she filed her bankruptcy petition.  This position is in direct contradiction to the holding in *Scarborough*, which unequivocally directs courts to look to the date the mortgage documents were executed.  In support of its argument, Waterfall attempted to distinguish the facts of this case—which involves a single-family home—from those in *Scarborough*—which involved a mulit-unit dwelling.  Waterfall's argument is unpersuasive.  The Third Circuit's opinion in *Scarborough* provides a method for analyzing the nature of the collateral property for purposes of § 1322(b)(2).  Nothing in the holding or in the dicta of *Scarborough* suggests that courts should apply a different analysis for a single-family investment property as opposed to a multi-unit investment property.  Instead, the inquiry focuses on "the character of the collateral at the time of the mortgage transaction." *Scarborough*, 461 F.3d at 412.

described in the mortgage document falls within the definition of "incidental property" that is part of the Debtor's principal residence.

The Third Circuit has confirmed that "[f]or purposes of bankruptcy cases commenced after October 17, 2005, a 'debtor's principal residence' is defined as 'a residential structure, *including incidental property*, without regard to whether that structure is attached to real property.'" *Scarborough*, 461 F.3d at 412 n.2 (quoting Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. 109-8, § 306(c) (2005) (codified at 11 U.S.C. § 101(13A))). (emphasis added).   Incidental property includes "all easements, rights, appurtenances, *fixtures, rents*, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds." 11 U.S.C. § 101(27B)(B) (emphasis added).   As a corollary, a security interest in fixtures and rents is, by statute, a security interest in real property that is a debtor's principal residence, and does not, in itself, remove a claim from the anti-modification protection of § 1322(b)(2).

Accordingly, Debtor's argument that an assignment of rents constitutes an interest in collateral that is not real property is plainly without merit. *See Ferandos*, 402 F.3d at 155 ("[T]he grant of an interest in rents does not render the claim secured by anything other than the real property.").   Likewise, Debtor's assertion that "building materials, appliances and goods of any nature" constitute collateral beyond the real property fails because the mortgage document specifically limits Waterfall's security interest in this additional property "to the extent they are *fixtures*." 1-4 Family Rider 4, ECF No. 33-3 (emphasis added).   In as much as the collateral in this case consists only of fixtures and rents, the mortgage document attaches only incidental property. *See* 11 U.S.C. § 101(27B)(B).   Incidental property is included in the Code's definition of "principal residence," 11 U.S.C. §101(13A)(A); therefore, Waterfall's claim is secured only by real property.

6

IV.    **Conclusion**

For the foregoing reasons, the Court concludes that although Waterfall's claim is secured only by a security interest in real property, it may nevertheless be crammed down because the Property is not a principal residence within the meaning of § 1322(b)(2).  However, because the issue of valuation remains unresolved, the Plan will not be confirmed at this time.  The parties are directed to exchange written appraisals for the Property on or before December 30, 2016, and the confirmation hearing presently scheduled for December 13, 2016 will be adjourned to January 10, 2017 at 2:00 p.m. to allow for an evidentiary hearing on the Property's value.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: December 6, 2016


Cc:    Albert Russo
       Standing Chapter 13 Trustee
       CN 4853
       Trenton, NJ 08650